UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HELEN HEATH and
JOHN HEATH,

      Plaintiff,

v.

      Case No. 3:20-cv-1227-J-34PDB

ETHICON, INC. and
JOHNSON & JOHNSON,

      Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte.  Federal courts are courts of limited jurisdiction, and therefore, have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("It is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

      On October 28, 2020, Plaintiffs Helen Heath and John Heath initiated this action by filing a complaint and purporting to set forth the facts establishing that the Court has

jurisdiction over this action. See Civil Action Complaint (Doc. 1) ¶¶ 1-4, 7-8. Specifically, Plaintiffs assert that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, in accordance with 28 U.S.C. § 1332. Id. ¶ 8. In support of this assertion, Plaintiffs allege that Helen Heath is "a citizen and resident" of Florida, but as to John Heath, state only that he is a "resident" of the state of Florida. Id. ¶¶ 1-2. Because this allegation does not adequately identify the citizenship of John Heath, the Court is without sufficient information to satisfy its jurisdictional inquiry.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted). Because the Complaint merely discloses where John Heath resides, as opposed to his domicile or citizenship, the Court finds that Plaintiffs have not alleged the facts necessary to establish the Court's jurisdiction over this case. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367; see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608, 104 L. Ed.2d 29 (1989) ("'Domicile is not necessarily synonymous with 'residence[.]'") (citation omitted).

2

In light of the foregoing, the Court will give Plaintiffs an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over the action.[1]  Accordingly, it is

**ORDERED**:

Plaintiffs Helen and John Heath shall have up to and including **November 13, 2020**, to provide the Court with additional information demonstrating that this Court has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 30th day of October, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:
Counsel of Record

---

[1] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction is more than just an academic exercise, as is evident from two Eleventh Circuit decisions from 2017.  See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-17 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1225-27 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law.  No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").