**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| **HELEN HEATH and**<br>**JOHN HEATH,**<br><br>                    **Plaintiffs,**<br><br>**v.**<br><br>**ETHICON, INC. and**<br>**JOHNSON & JOHNSON,**<br><br>                    **Defendants.** | **No. 3:20-cv-01227-MMH-PDB**<br><br><br>**SECOND AMENDED**<br>**COMPLAINT AND**<br>**JURY DEMAND** |

## SECOND AMENDED CIVIL ACTION COMPLAINT

Plaintiffs, HELEN HEATH and JOHN HEATH ("Plaintiffs"), by and through their counsel, brings this Second Amended Complaint to set forth against Defendants' ETHICON, INC., and JOHNSON & JOHNSON for injuries suffered as a result of the implantation of a defective medical device commonly known as TVT that was designed, manufactured and marketed by Defendants Ethicon, Inc. and Johnson & Johnson.  In support, Plaintiff states and avers as follows:

## PARTIES

1.      Plaintiff Helen Heath is, and was, at all relevant times, a citizen and resident of the state of Florida, County of Duval.

2.      Plaintiff John Heath is the spouse of Helen Heath. At all relevant times hereto John Heath has been and is a citizen and resident of the state of Florida.

3.      Defendant Johnson & Johnson is a New Jersey corporation with its

principal place of business in New Brunswick, New Jersey.

4.     Defendant, Ethicon, Inc. is a wholly owned subsidiary of Defendant Johnson & Johnson and is incorporated in the state of New Jersey with its principal place of business in Somerville, New Jersey.

5.     Defendants ETHICON, INC. and JOHNSON & JOHNSON share many of the same officers, directors and operations, and maintain ownership in the assets and/or liabilities relating to the design, manufacture, marketing, distribution and sale of the medical device line at issue in this litigation and may be referenced collectively hereinafter as "Defendants".

6.     All acts and omissions of each Defendant as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

## JURISDICTION AND VENUE

7.     Damages sought in this matter are in excess of $75,000.00. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

8.     This Court has subject matter jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.      Venue on remand is proper in the Middle District Court of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this judicial District.

10.      This Court has personal jurisdiction over each of the Defendants pursuant

to the Florida Long-Arm Statute, Fla. Stat. § 48.193. Both Defendants Ethicon, Inc. and Johnson & Johnson transact business within the State of Florida, contracted to sell and supply TVT products in the State of Florida, and committed tortious acts and omissions in Florida.  Defendants Ethicon, Inc. and Johnson & Johnson's tortious acts and omissions caused injury to Plaintiff in the State of Florida.  Both Defendants Ethicon, Inc. and Johnson & Johnson employ sales representatives in the State of Florida to sell their TVT products throughout the State, including the Ethicon TVT product implanted in Plaintiff. Defendants have purposefully engaged in the business of developing, manufacturing, publishing information, marketing, distributing, promoting and/or selling, either directly or indirectly, through third parties, as successor in interest, or other related entities, medical devices including the TVT product throughout the United States, including within the State of Florida, for which they derived significant and regular income. Defendants intended and reasonably expected that their defective TVT products would be sold and implanted in Florida and could cause injury in Florida.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1332 by virtue of the fact that (a) a substantial part of the events or omissions giving rise to the claims occurred in this District and (b) Defendants Ethicon, Inc. and Johnson & Johnson's products are sold to and consumed by individuals in the State of Florida, thereby subjecting Defendants Ethicon, Inc. and Johnson & Johnson to personal jurisdiction in this action and making them all "residents" of this judicial District.

12.     Defendants Ethicon, Inc. and Johnson & Johnson conducted substantial business in the State of Florida and in this District, TVT products in this District, receive

substantial compensation and profits from sales of TVT products in this District, and made material omissions and misrepresentations and breaches of warranties in this District so as to subject them to *in personam* jurisdiction in this District.

13.     Defendants Ethicon, Inc. and Johnson & Johnson conducted business in the State of Florida through sales representatives conducting business in the State of Florida and because Defendants were engaged in testing, developing, manufacturing, labeling, marketing, distributing, promotion and/or selling, either directly or indirectly, and/or through third parties or related entities, TVT products; thus, there exists a sufficient nexus between Defendants' forum contacts and the Plaintiff's claims to justify assertion of jurisdiction in Florida.

14.     Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, this Court has *in personam* jurisdiction over Defendants Ethicon, Inc. and Johnson & Johnson, because the parties are present in the State of Florida such that requiring an appearance does not offend traditional notices of fair play and substantial justice.

## FACTS IN SUPPORT OF ALL CLAIMS

15.     At times relevant to this matter, Defendants Ethicon, Inc. and Johnson & Johnson shared many of the same officers, directors and operations, and maintained ownership in the assets and/or liabilities relating to the design, manufacture, marketing, distribution and sale of TVT products including the Gynecare TVT ("TVT") medical device implanted in Plaintiff.

16.     The Gynecare TVT is marketed and sold for the treatment of stress urinary

incontinence in females.  The TVT has been and is offered in multiple variations including, but not limited to, the TVT, TVT-O, and TVT-S.

17.     The Gynecare TVT medical device was designed, patented, manufactured, labeled, marketed, and sold and distributed by Defendants Ethicon, Inc. and Johnson & Johnson at all times relevant to this matter.

18.     On August 12, 2009, Plaintiff Helen Heath was implanted with an Ethicon/Johnson & Johnson Gynecare TVT product during surgery performed at Mayo Clinic Hospital in Jacksonville, Florida.

19.     The TVT product was implanted in Plaintiff Helen Heath to treat her stress urinary incontinence, the use for which the TVT products were designed, marketed and sold.

20.     On December 7, 2016, Plaintiff Helen Heath underwent revision surgery of the Ethicon/Johnson & Johnson Gynecare TVT product at Baptist Medical Center South in Jacksonville, Florida. The revision surgery became necessary because the TVT device had eroded and mesh fibers created a bladder stone that had to be removed. This caused Plaintiff Helen Heath to suffer from severe complications, including but not limited to severe pain with daily activities, pelvic pain, and recurrent stress urinary incontinence.

21.     On October 18, 2017, Plaintiff Helen Heath underwent a second revision surgery of the Ethicon/Johnson & Johnson Gynecare TVT device at Mayo Clinic Hospital in Jacksonville, Florida. The second revision surgery was warranted due to further erosion of the TVT sling which caused Plaintiff Helen Heath to suffer from pelvic and vaginal pain and bleeding.

22.     As a result of having the TVT product implanted in her, Plaintiff Helen Heath has experienced significant mental and physical pain and suffering, has sustained permanent injury and permanent and substantial physical deformity and has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses.

23.     The TVT product has been and continues to be marketed to the medical community and to patients as a safe, effective, reliable, medical device; implanted by safe and effective, minimally invasive surgical techniques for the treatment of medical conditions, primarily stress urinary incontinence, and as safer and more effective as compared to the traditional products and procedures for treatment, and other competing pelvic mesh products.

24.     Defendants Ethicon, Inc. and Johnson & Johnson have marketed and sold their TVT product to the medical community at large and patients through carefully planned, multifaceted marketing campaigns and strategies. These campaigns and strategies include, but are not limited to direct to consumer advertising, aggressive marketing to health care providers at medical conferences, hospitals, private offices, and include the provision of valuable consideration and benefits to health care providers. Also utilized are documents, brochures, websites, and telephone information lines, offering exaggerated and misleading expectations as to the safety and utility of their TVT product .

25.     Contrary to the Defendants Ethicon, Inc. and Johnson & Johnson's representations and marketing to the medical community and to the patients themselves, the TVT product has high failure, injury, and complication rates, fails to perform as

intended, requires frequent and often debilitating re-operations, and has caused severe and irreversible injuries, conditions, and damage to a significant number of women, including Plaintiff Helen Heath.

26.     Defendants Ethicon, Inc. and Johnson & Johnson provided incorrect and incomplete information to Plaintiff Helen Heath's implanting physician who, upon information and belief, relied upon the information provided in advising and providing care to Plaintiff Helen Heath.

27.     Defendants Ethicon, Inc. and Johnson & Johnson have consistently underreported and withheld information about the propensity of the TVT product to fail and cause injury and complications, and have misrepresented the efficacy and safety of the Product, through various means and media, actively and intentionally misleading the FDA, the medical community, patients, and the public at large.

28.     Defendants Ethicon, Inc. and Johnson & Johnson have known and continue to know that their disclosures to the FDA were and are incomplete and misleading; and that the TVT product was and is causing numerous patients severe injuries and complications. Defendants Ethicon, Inc. and Johnson & Johnson suppressed this information, and failed to accurately and completely disseminate or share this and other critical information with the FDA, health care providers, or the patients. As a result, Defendants Ethicon, Inc. and Johnson & Johnson actively and intentionally misled and continue to mislead the public, including the medical community, health care providers and patients, into believing that the TVT product was and is safe and effective, leading to the prescription for and implantation of the TVT product into Plaintiff Helen Heath.

29.     Defendants Ethicon, Inc. and Johnson & Johnson failed to perform or rely on proper and adequate testing and research in order to determine and evaluate the risks and benefits of the TVT product.

30.     Defendants Ethicon, Inc. and Johnson & Johnson failed to design and establish a safe, effective procedure for removal of the TVT product; therefore, in the event of a failure, injury, or complications it is impossible to easily and safely remove the TVT product.

31.     Feasible and suitable alternative designs as well as suitable alternative procedures and instruments for implantation and treatment of stress urinary incontinence and similar other conditions have existed at all times relevant as compared to the TVT product.

32.     The TVT product was at all times utilized and implanted in a manner foreseeable to Defendants Ethicon, Inc. and Johnson & Johnson.

33.     Defendants Ethicon, Inc. and Johnson & Johnson have at all times provided incomplete, insufficient, and misleading training and information to physicians, in order to increase the number of physicians utilizing the TVT product, and thus increase the sales of the TVT product, and also leading to the dissemination of inadequate and misleading information to patients, including Plaintiffs.

34.     The TVT product implanted into Plaintiff Helen Heath was in the same or substantially similar condition as it was when it left the possession of Defendants Ethicon, Inc. and Johnson & Johnson, and in the condition directed by and expected by Defendants.

35.     The injuries, conditions, and complications suffered due to the TVT

product include but are not limited to mesh erosion, mesh contraction, infection, fistula, inflammation, scar tissue, organ perforation, dyspareunia, blood loss, neuropathic and other acute and chronic nerve damage and pain, pudendal nerve damage, pelvic floor damage, pelvic pain, urinary and fecal incontinence, prolapse of organs, and in many cases the women have been forced to undergo intensive medical treatment, including but not limited to operations to locate and remove mesh, operations to attempt to repair pelvic organs, tissue, and nerve damage, the use of pain control and other medications, injections into various areas of the pelvis, spine, and the vagina, and operations to remove portions of the female genitalia, and injuries to John Heath, who is Plaintiff Helen Heath's intimate partner.

36.    Despite Defendants Ethicon, Inc. and Johnson & Johnson's knowledge of these catastrophic injuries, conditions, and complications caused by their TVT product, they have and continue to manufacture, market, and sell the Product, while continuing to fail to adequately warn, label, instruct, and disseminate information with regard to the TVT product, both prior to and after the marketing and sale of the product.

### COUNT I
### FAILURE TO WARN
### (ASSERTED AGAINST DEFENDANT ETHICON, INC.
### AND DEFENDANT JOHNSON & JOHNSON)

37.    In support of this Count, in addition to the facts alleged herein, Plaintiffs incorporate by reference the facts alleged in paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 and 36 as if each were set forth fully and completely herein.

38.    Defendants Ethicon, Inc. and Johnson & Johnson failed to properly and

adequately warn and instruct Plaintiff Helen Heath and her health care providers as to the proper candidates, and the safest and most effective methods of implantation and use of the TVT product .

39.     Defendants Ethicon, Inc. and Johnson & Johnson failed to properly and adequately warn and instruct Plaintiff Helen Heath and her health care providers as to the risks and benefits of the TVT product given Plaintiff Helen Heath's conditions and need for information.

40.     Defendants Ethicon, Inc. and Johnson & Johnson failed to properly and adequately warn and instruct Plaintiff Helen Heath and her health care providers with regard to the inadequate research and testing of the TVT product, and the complete lack of a safe, effective procedure for removal of the TVT product.

41.     In addition, the Products were defective due to the lack of necessary and appropriate warnings regarding, but not limited to, the following:

    a)  the TVT's propensities to contract, retract, and/or shrink inside the body;

    b)  the TVT's propensities for degradation, fragmentation, disintegration and/or creep;

    c)  That the TVT was defective, and caused dangerous and adverse side effects, including but not limited to higher incidence of erosions, extrusions, adverse tissue response and rejection, contraction, migration, trauma, groin pain, vaginal pain, failure, and revision surgeries at a much more significant rate than other products, treatments and procedures available to treat stress urinary incontinence;

    d)  That patients needed to be monitored more regularly than usual while using the TVT and that in the event the TVT needed to be attempted to revised or be removed that the procedures to remove segments of the product had a very high failure rate and/or needed to be performed repeatedly;

e)   the TVT's inelasticity preventing proper mating with the pelvic floor and vaginal region;

f)   the rate and manner of mesh erosion or extrusion;

g)   the risk of chronic inflammation resulting from the TVT;

h)   the risk of chronic infections resulting from the TVT;

i)   the risk of permanent vaginal or pelvic scarring as a result of the TVT;

j)   the risk of recurrent, intractable pelvic pain and other pain resulting from the TVT;

k)   the need for corrective or revision surgery to adjust or remove the TVT;

l)   the severity of complications that could arise as a result of implantation of the TVT

m)   the hazards associated with the TVT;

n)   the TVT's defects described herein

o)   treatment of stress urinary incontinence with the TVT is no more effective than feasible available alternatives;

p)   treatment of and stress urinary incontinence with the TVT exposes patients to greater risk than feasible available alternatives;

q)   treatment of and stress urinary incontinence with the TVT makes future surgical repair more difficult than feasible available alternatives;

r)   use of the TVT puts the patient at greater risk of requiring additional surgery than feasible available alternatives;

s)   removal of the TVT due to complications may involve multiple surgeries and may significantly impair the patient's quality of life; and

t)   complete removal of the TVT may not be possible and may not result in complete resolution of the complications, including pain.

42.     Defendants Ethicon, Inc. and Johnson & Johnson intentionally, recklessly, and maliciously misrepresented the safety, risks, and benefits of the TVT

product, understating the risks and exaggerating the benefits in order to advance their own financial interests, with wanton and willful disregard for the rights and health of the Plaintiffs.

43.     As a proximate result of Defendants Ethicon, Inc. and Johnson & Johnson's design, marketing, sale, and distribution of the TVT product, Plaintiffs have been injured, often catastrophically, and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

44.     Defendants Ethicon, Inc. and Johnson & Johnson are strictly liable in tort to the Plaintiffs for their wrongful conduct.

WHEREFORE, Plaintiffs demand judgment against Defendants Ethicon, Inc. and Johnson & Johnson and request compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT II
## STRICT LIABILITY
## (ASSERTED AGAINST DEFENDANT ETHICON, INC.
## AND DEFENDANT JOHNSON & JOHNSON)

45.     In support of this Count, in addition to the facts alleged herein, Plaintiffs incorporate by reference the facts alleged in paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 and 36 as if each were set forth fully and completely herein.

46.     At the time of Plaintiffs' injuries, the TVT product was defective and unreasonably dangerous to foreseeable consumers, patients, and users, including Plaintiffs,

and the warnings labels and instructions were deficient.

47.     The Gynecare TVT product was placed into the stream of commerce by Defendants Ethicon, Inc. and Johnson & Johnson with the expectation that it would reach consumers in Florida without substantial change in condition and, as of August 12, 2009, there had been no substantial change in the condition of the Gynecare TVT.

48.     The TVT product implanted in Plaintiff Helen Heath was in the same or substantially similar condition as when it left Defendants Ethicon, Inc. and Johnson & Johnson's possession, and in the condition directed by and expected by Defendants Ethicon, Inc. and Johnson & Johnson.

49.     The TVT product implanted in Plaintiff Helen Heath was not reasonably safe for its intended use and was defective with respect to its design, as described herein, in that such design posed an unreasonable risk of harm to patients in whom the TVT products were implanted.

50.     The TVT products are inherently dangerous and defective, unfit and unsafe for their intended and reasonably foreseeable uses, and do not meet or perform to the expectations of patients and their health care providers.

51.     The TVT products create risks to the health and safety of the patients that are far more significant and devastating than the risks posed by other products and procedures available to treat the corresponding medical conditions, and which far outweigh the utility of the TVT products.

52.     Defendants Ethicon, Inc. and Johnson & Johnson have intentionally and recklessly designed the TVT products with wanton and willful disregard for the rights and

health of the Plaintiffs and others, and with malice, placing their economic interests above the health and safety of the Plaintiffs and others.

53.    The TVT product implanted in Plaintiff Helen Heath was not reasonably safe for its intended use and was defective as described herein with respect to its design. As previously stated, the TVT product's design defects include, but are not limited to:

a) the use of polypropylene material and/or collagen material in the TVT product and the immune reaction that results from such material, causing adverse reactions and injuries;

b) the design of the TVT product to be inserted into and through an area of the body with high levels of bacteria that adhere to the mesh causing immune reactions and subsequent tissue breakdown and adverse reactions and injuries;

c) biomechanical issues with the design of the TVT product, including, but not limited to, the propensity of the TVT sling to contract or shrink inside the body, that in turn cause surrounding tissue to be inflamed, become fibrotic, and contract, resulting in injury;

d) the use and design of arms and anchors in the TVT, which, when placed in the women, are likely to pass through contaminated spaces and injure major nerve routes in the pelvic region;

e) the propensity of the TVT for "creep," or to gradually elongate and deform when subject to prolonged tension inside the body;

f) the inelasticity of the TVT, causing them to be improperly mated to the delicate and sensitive areas of the pelvis where they are implanted, and causing pain upon normal daily activities that involve movement in the pelvis (e.g., intercourse, physical activity);

g) the propensity of the TVT for degradation or fragmentation over time, which causes a chronic inflammatory and fibrotic reaction, and results in continuing injury over time;

h) the propensity of the TVT for particle loss or "shedding", which causes a chronic inflammatory response and fibrotic reaction, and results in continuing injury over time; the lack of porosity of the TVT, which leads to fibrotic bridging and results in continuing injury over time; and

    i) the creation of a non-anatomic condition in the pelvis leading to chronic pain and functional disabilities when the mesh is implanting according to the manufacturers' instructions.

54. Plaintiffs adopt the *Restatement of Torts (Second)* and/or the *Restatement of Torts (Third)*, bringing strict product liability claims under the common law, *Section 402A of the Restatement of Torts (Second), and/or Restatement of Torts (Third))* against Defendants Ethicon, Inc. and Johnson & Johnson.

55. As a proximate result of the  Defendants Ethicon, Inc. and Johnson & Johnson's design, marketing, sale, and distribution of the TVT product, Plaintiff Helen Heath has been injured and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

56. Specifically, the Gynecare TVT device implanted in Plaintiff Helen Heath eroded causing Plaintiff Helen Heath to undergo two revision surgeries and suffer from severe complications, including but not limited to: severe pain with daily activities, pelvic pain, vaginal pain, bleeding, and economic damages.  The TVT implanted in Plaintiff Helen Heath eroded due to its defective and/or negligent design as complained of herein.

57. Defendants Ethicon, Inc. and Johnson & Johnson failed to exercise ordinary care in the representations concerning the Products while they were involved in their design, sale, testing, quality assurance, quality control, and distribution in interstate commerce, because Defendants Ethicon, Inc. and Johnson & Johnson negligently misrepresented the TVT product's high risk of unreasonable, dangerous, adverse side effects.

WHEREFORE, Plaintiffs demand judgment against Defendants Ethicon, Inc. and Johnson & Johnson and request compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

**COUNT III**
**NEGLIGENCE**
**(ASSERTED AGAINST DEFENDANT ETHICON, INC.**
**AND DEFENDANT JOHNSON & JOHNSON)**

58.     In support of this Count, in addition to the facts alleged herein, Plaintiffs incorporate by reference the facts alleged in paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 and 36 as if each were set forth fully and completely herein.

59.     Defendants Ethicon, Inc. and Johnson & Johnson had a duty to exercise reasonable and ordinary care in the design, labeling, instructions, warnings, sale, marketing, and distribution of the TVT product, and recruitment and training of physicians to implant the TVT product.

60.     Defendants Ethicon, Inc. and Johnson & Johnson had a further duty to provide adequate and sufficient instructions concerning the proper use of the TVT product, as well as warnings of the risks and dangers associated with using the TVT product, to Plaintiff and to other foreseeable users of the TVT product

61.     Defendants Ethicon, Inc. and Johnson & Johnson breached their duty of care and were negligent as described herein the design, labeling, warning, instruction, training, selling, marketing, and distribution of the TVT product in one or more of the following respects:

a) Failing to design the TVT, so as to avoid an unreasonable risk of harm to women in whom the TVT products were implanted, including Plaintiff;

b) Failing to use reasonable care in the testing of the TVT, so as to avoid an unreasonable risk of harm to women in whom the TVT products were implanted, including Plaintiff;

c) Failing to use reasonable care in inspecting the TVT, so as to avoid an unreasonable risk of harm to women in whom the TVT products were implanted, including Plaintiff;

d) Failing to use reasonable care in training its employees and healthcare providers related to the use of the TVT, so as to avoid an unreasonable risk of harm to women in whom the TVT products were implanted, including Plaintiff;

e) Failing to use reasonable care in instructing and/or warning the public, health care providers, and patients, including Plaintiff, as set forth herein of risks associated with the TVT, so as to avoid an unreasonable risk of harm to women in whom the TVT products were implanted, including Plaintiff;

f) Failing to use reasonable care in marketing and promoting the TVT, so as to avoid an unreasonable risk of harm to women in whom the TVT products were implanted, including Plaintiff;

g) In negligently and carelessly promoting the use of the TVT to physicians who had not received sufficient training to master the techniques necessary for the implantation of the device into women, including Plaintiff;

h) Otherwise negligently or carelessly designing, marketing, distributing, warning, labeling, studying, testing, or selling the TVT.

i) Failing to design and establish a safe, effective procedure for removal of the TVT; therefore, in the event of a failure, injury, or complication, they are impossible to easily and safely remove.

j) Failing to conduct post-marketing vigilance, or surveillance by monitoring or acting on findings in the scientific and medical literature; and

k) Failing to monitor or investigate and evaluating reports in the FDA adverse event database for their potential significance for the TVT.

62.     Defendants Ethicon, Inc. and Johnson & Johnson made claims and

representations in documents submitted to the FDA, in reports to the public and to healthcare professionals, and in advertisements that the TVT product did not present serious health risks.

63.     Defendants Ethicon, Inc. and Johnson & Johnson also breached their duty to adequately and sufficiently warn Plaintiff and her healthcare providers and other foreseeable users of the TVT product's propensity to erode, the rate and manner of mesh erosion, the risk of chronic infections resulting from implantation of the TVT product, the risk of vaginal scarring as a result of implantation of the TVT product, the risk of recurrent severe pelvic pain and other pain resulting from the implantation of the TVT product, the need for corrective or revisionary surgery to adjust or repair the TVT product, or the overall severity of complications that could arise as a result of implantation of the TVT product.

64.     Defendants Ethicon, Inc. and Johnson & Johnson knew or should have known that the TVT product subjected Plaintiff to unreasonably dangerous risks of which the Plaintiff and her treating physicians would not be aware. Nevertheless, Defendants Ethicon, Inc. and Johnson & Johnson advertised, marketed, sold and distributed the TVT for years to thousands of women, at a time when they knew that there were safer methods and products available for the treatment of stress urinary incontinence.

65.     Also, Defendants Ethicon, Inc. and Johnson & Johnson failed to exercise reasonable care under the circumstances, as it knew, or in the exercise of reasonable care, should have known, that its TVT products were sold without sufficient warnings or instruction (both before as well as after their sale), such that the TVT was likely to injure its users, including Plaintiff herein.

66.     As a result of said failures, the TVT product implanted in Plaintiff was unreasonably dangerous and defective in design and unaccompanied by adequate warnings concerning its hazardous properties.

67.     The TVT implanted in Plaintiff eroded and caused Plaintiff to suffer injuries including, but not limited to, severe pain with daily activities, pelvic pain, vaginal pain, bleeding.  Plaintiff was subjected to a revision surgery as a result.  The TVT implanted in Plaintiff eroded due to its defective and/or negligent design as complained of herein.

68.     Defendants Ethicon, Inc. and Johnson & Johnson's TVT product has been and continues to be marketed to the medical community and to patients as safe, effective, reliable, medical devices implanted by safe and effective minimally invasive surgical techniques for the treatment of medical conditions, primarily stress urinary incontinence, and as safer and more effective as compared to the traditional products and procedures for treatment and other competing pelvic mesh products.

69.     As a proximate result of Defendants Ethicon, Inc. and Johnson & Johnson's design, labeling, marketing, sale, and distribution of the TVT product, Plaintiff has been injured and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

70.     Defendants Ethicon, Inc. and Johnson & Johnson had a duty to exercise reasonable and ordinary care in the design, labeling, instructions, warnings, sale, marketing, and distribution of their TVT product , and recruitment and training of physicians to implant the TVT product.

71.     Defendants Ethicon, Inc. and Johnson & Johnson breached their duty of care to the Plaintiffs, as aforesaid, in the design, labeling, warnings, instructions, sale, marketing, distribution, and recruitment and training of physicians to implant the TVT product.

72.     At all times material, Defendants Ethicon, Inc. and Johnson & Johnson failed to exercise reasonable care under the circumstances, as it knew, or in the exercise of reasonable care, should have known, that its TVT product was not properly designed, compounded, assembled, inspected, packaged, distributed, tested, analyzed, examined, or prepared, such that the medical device was defective, unreasonably dangerous, and likely to injure its users, including Plaintiffs herein.

73.     Also Defendants Ethicon, Inc. and Johnson & Johnson failed to exercise reasonable care under the circumstances, as it knew, or in the exercise of reasonable care, should have known, that its TVT products were sold without sufficient warnings or instruction (both before as well as after their sale), such that the TVT mesh device was likely to injure its users, including Plaintiffs herein.

74.     As a result of said failures, the Gynecare TVT brand mesh device implanted in Plaintiff Helen Heath was unreasonably dangerous and defective in design and unaccompanied by adequate warnings concerning its hazardous properties.

75.     Further, Defendants Ethicon, Inc. and Johnson & Johnson failed to exercise reasonable care under the circumstances, as it knew, or in the exercise of reasonable care, should have known, that its TVT products and the information (including warnings, instructions, detailing, advertising, promotion, and representations) about the

characteristics and properties of the device; the potential risks associated with its use in patients; safety and efficacy data; the attributes of the device relative to other competing medical devices; and the management of patients after implantation of this device were inaccurate or incomplete, such that the medical device was likely to injure its users, including Plaintiffs herein.

76.     Defendants Ethicon, Inc. and Johnson & Johnson also failed to conduct sufficient testing, quality assurance measures and/or inspection of its TVT product, both prior to and after clearance of the product for sale, which, if properly performed, would have revealed or led, long ago, to the detection of defects in the TVT product and inadequacy in the design, warnings, promotional materials and instructions which accompanied the device, such that the injuries suffered by Plaintiffs herein could have been prevented.

77.     These negligent acts by Defendants Ethicon, Inc. and Johnson & Johnson resulted in the sale of TVT products that were unreasonably dangerous, unsafe, and not reasonably fit for the uses and purposes for which the medical device would ordinarily be put or some other reasonably foreseeable purpose and the unreasonably dangerous condition existed when such device, including the particular device implanted in Plaintiff Helen Heath, left Defendants Ethicon, Inc. and Johnson & Johnson's custody and control.

78.     Defendants Ethicon, Inc. and Johnson & Johnson knew or should have known that the TVT product subjected Plaintiffs to unreasonably dangerous risks of which Plaintiff Helen Heath and her treating physicians would not be aware. Nevertheless,

Defendants Ethicon, Inc. and Johnson & Johnson advertised, marketed, sold and distributed the TVT product for years to thousands of women, at a time when Defendants Ethicon, Inc. and Johnson & Johnson knew that there were safer methods and products available for the treatment of stress urinary incontinence.

79.     Had Plaintiff Helen Heath, her treating physician, or both known of the unreasonably dangerous risks associated with the Gynecare TVT product at the time of her implant surgery, such knowledge would have affected the treating physician's use of the device and Plaintiff Helen Heath would not have consented to the implantation of the device.

80.     As a proximate result of Defendants Ethicon, Inc. and Johnson & Johnson's design, labeling, marketing, sale, and distribution of the TVT product, Plaintiffs have been injured, often catastrophically, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

WHEREFORE, Plaintiffs demand judgment against Defendants Ethicon, Inc. and Johnson & Johnson and request compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

**COUNT IV**
**GROSS NEGLIGENCE**
**(ASSERTED AGAINST DEFENDANT ETHICON, INC.**
**AND DEFENDANT JOHNSON & JOHNSON)**

81.     In support of this Count, in addition to the facts alleged herein, Plaintiffs incorporate by reference the facts alleged in paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23,

24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 and 36 as if each were set forth fully and completely herein.

82.    The wrongs done by Defendants Ethicon, Inc. and Johnson & Johnson were aggravated by the kind of malice, fraud, and grossly negligent disregard for the rights of others, the public, and Plaintiffs for which the law would allow, and which Plaintiffs will seek at the appropriate time under governing law for the imposition of exemplary damages, in that their conduct, including the failure to comply with applicable Federal standards: was specifically intended to cause substantial injury to Plaintiffs; or when viewed objectively from Defendants Ethicon, Inc. and Johnson & Johnson's standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and they were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; or included a material representation that was false, with their, knowing that it was false or with reckless disregard as to its truth and as a positive assertion, with the intent that the representation is acted on by Plaintiffs.

83.    Plaintiffs relied on the representation and suffered injury as a proximate result of this reliance.

84.    Plaintiffs therefore will seek to assert claims for exemplary damages at the appropriate time under governing law in an amount within the jurisdictional limits of the Court.

85.    Plaintiffs also allege that the acts and omissions of Defendants Ethicon, Inc. and Johnson & Johnson, whether taken singularly or in combination with the other or

others, constitute gross negligence that proximately caused the injuries to Plaintiffs. In that regard, Plaintiffs will seek exemplary damages in an amount that would punish Defendants Ethicon, Inc. and Johnson & Johnson for their conduct and which would deter other manufacturers from engaging in such misconduct in the future.

WHEREFORE, Plaintiffs demand judgment against Defendants Ethicon, Inc. and Johnson & Johnson and request compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

**COUNT V**
**LOSS OF CONSORTIUM**
**(ASSERTED AGAINST DEFENDANT ETHICON, INC.**
**AND DEFENDANT JOHNSON & JOHNSON**

86.     In support of this Count, in addition to the facts alleged herein, Plaintiffs incorporate by reference the facts alleged in paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 and 36 as if each were set forth fully and completely herein.

87.     The Gynecare TVT device implanted in Plaintiff Helen Heath eroded, requiring two invasive revision surgeries and causing her to suffer from injuries including, but not limited to severe pain with daily activities, pelvic pain, vaginal pain, bleeding.

88.     As a direct and proximate cause of the injuries sustained by Plaintiff Helen Heath, her spouse John Heath has suffered a loss of spousal consortium, society, affection, services and support.

WHEREFORE, Plaintiff John Heath demands judgment against Defendants Ethicon, Inc. and Johnson & Johnson and requests compensatory damages, together with

interests, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants Ethicon, Inc. and Johnson & Johnson, and each of them, individually, jointly and severally and request compensatory damages, together with interest, cost of suit, attorneys' fees, punitive damages, and all such other relief as the Court deems just and proper as well as:

A. All general, statutory, and compensatory damages, in excess of the amount required for federal diversity jurisdiction, and in an amount to fully compensate Plaintiffs for all injuries and damages, both past and present;

B. All special and economic damages, in excess of the amount required for federal diversity jurisdiction and in an amount to fully compensate Plaintiffs for all injuries and damages, pain and suffering;

C. Attorneys' fees, expenses, and costs of this action;

D. Double or triple damages as allowed by law;

E. Punitive and/or exemplary damages;

F. Pre-judgment and post-judgment interest in the maximum amount allowed by land; and

G. Such further relief as this Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 11th day of January, 2021.

*Respectfully Submitted,*

THE MICHAEL BRADY LYNCH FIRM

By:   */s/ Michael Brady Lynch*
      Michael Brady Lynch
      FL Bar No. 668478
      127 West Fairbanks Ave. #528
      Winter Park, FL 32789
      Telephone: (888) 585-5970
      Fax: (321) 236-6615
      Email: michael@mblynchfirm.com


      */s/ Russell W. Lewis, IV*
      Russell W. Lewis, IV
      FL Bar No. 0100755
      Dana Lizik (*Admitted Pro Hac Vice*)
      JOHNSON LAW GROUP
      2925 Richmond Ave., Ste. 1700
      Houston, TX 77098
      Telephone: (713) 626-9336
      Fax: (713) 583-9460
      Email: rlewis@johnsonlawgroup.com
      Email: dlizik@johnsonlawgroup.com

      *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of January 2021, I electronically filed the foregoing SECOND AMENDED CIVIL ACTION COMPLAINT with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to all counsel of record registered with CM/ECF including the following:

Brett A. Tarver
TROUTMAN PEPPER HAMILTON SANDERS LLP
Bank of America Plaza
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308-2216
Telephone: 404.885.3000
Facsimile: 404.885.3900
Brett.tarver@troutman.com

*Counsel for Defendants*
*Ethicon, Inc., and Johnson & Johnson*

/s/ Russell W. Lewis, IV
Russell W. Lewis, IV